DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALLIANZ INSURANCE COMPANY,
as subrogee of Pechiney Plastic
Packaging, Inc.,

                                        CIVIL ACTION
                    Plaintiff,

                                        No: 03-2470-CM-DJW
v.

SURFACE SPECIALITIES, INC., f/k/a
UCB FILMS INC.,

                    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Compel Discovery (doc. 38).

Defendant requests that the Court (1) find Plaintiff's "General Objections" and boilerplate objections to

its First Set of Interrogatories and First Request for Production of Documents improper and deemed

waived; (2) compel Plaintiff to provide responsive answers to Interrogatory Nos. 1-5, 9-19, and 21-25;

(3) compel Plaintiff to identify specific documents as requested in Interrogatory Nos. 9-12, 14-19, 22, 24-

25 and Requests for Production of Documents Nos. 1-44, 46-54 and 56; and (4) award Defendant its

costs associated with the motion.  For the reasons set forth below, Defendant's Motion to Compel

Discovery is granted in part and denied in part.

## I.      Relevant Background

In this subrogation action, Plaintiff Allianz Insurance Company ("Allianz") seeks to recover sums

it was obligated to pay for insurance claims made by its insured, Pechiney Plastic Packaging, Inc.

("Pechiney") for damages related to an allegedly defective cellophane product manufactured by Defendant.

Relevant to this motion, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production of Documents on April 30, 2004. Plaintiff served its Responses to Defendant's First Set of Interrogatories and First Request for Production of Documents on June 1, 2004. After attempting to confer with Plaintiff to resolve the issue without court action, as required by Fed. R. Civ. P. 37(a)(2)(A) and D. Kan. Rule 37.2, Defendant filed the instant Motion to Compel Discovery on July 16, 2004.

## II.     Timeliness of Motion to Compel

The Court first addresses Plaintiff's contention that Defendant's Motion to Compel Discovery should be denied for failure to file its motion within the thirty-day deadline for filing motions to compel. District of Kansas local Rule 37.1(b) requires that "[a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection, which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown. Otherwise the objection to the default, response, answer, or objection shall be waived." Plaintiff argues that Defendant's motion should be denied because it was filed after the thirty-day deadline for filing a motion to compel. In its reply in support of its Motion, Defendant claims that the conduct and statements of Plaintiff's counsel during the relevant thirty-day time period, defense counsel's good faith reliance upon same, and the exhaustive efforts made by defense counsel to resolve the dispute between the parties all establish good cause for its sixteen-day delay in filing its motion to compel.

Although Defendant's Motion to Compel is filed outside the D. Kan 37.1(b) thirty-day time period for filing motions to compel, the Court will excuse Defendant's untimely filing of its Motion to Compel

2

Discovery.  In the Certificate of Compliance attached as Exhibit A to Defendant's Motion, Defendant details the parties' efforts to resolve the discovery dispute prior to filing this motion to compel.  The Court notes that mutual efforts to resolve the discovery dispute continued after the expiration of the thirty-day time period for filing a motion to compel.  Defendant has thus shown sufficient justification for the sixteen-day delay in filing its Motion to Compel Discovery.  The Court will therefore excuse Defendant's untimely filing of its Motion to Compel Discovery.

## III.     Requests for Production at Issue

### A.     General Objections

In its Response to Defendant's First Request for Production of Documents, Plaintiff set forth eight "General Objections" to all the document requests.  Plaintiff then asserted specific objections in its individual response to each request.

Defendant argues that the "General Objections" asserted by Plaintiff in its Response to Defendant's First Request for Production lack the requisite specificity for discovery objections, and should therefore be deemed waived.  Plaintiff, in its brief in opposition to the motion to compel, does not address Defendant's argument regarding its "General Objections" to the requests.  The Court therefore finds that Plaintiff has abandoned its "General Objections" to Defendant's First Request for Production of Documents.[1]

---

[1] This Court has held on numerous occasions that objections asserted in a party's initial response to discovery requests but not reasserted in response to a motion to compel are waived and deemed abandoned. *See, e.g.*, *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 681 n.8 (D. Kan. 2004) (objections not reasserted in the objecting parties' response to the motion to compel are deemed abandoned); *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 n.16 (D. Kan. 2004) ("objections initially raised but not relied upon in response to a motion to compel are deemed abandoned"); *Cotracom Commodity*

**B.      Individual Overly Broad Objections**

Defendant also argues that Plaintiff's individually-asserted "overly broad" boilerplate objections do not satisfy the specificity requirement for objections and should be deemed waived.  Plaintiff contends that its overly broad objections are valid because the requests for production are overly broad on their face.

Unless the request is overly broad on its face, Plaintiff, as the party resisting discovery, has the burden to support its objection.[2]  The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to an interrogatory, nor will a general objection fulfill the objecting party's burden to explain its objections.[3]  The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.[4]

Plaintiff asserted an overly broad objection to all but four of Defendant's fifty-six requests for production of documents.  The Court has reviewed all the requests for production where Plaintiff asserted an overly broad objection and finds, based upon the limited amount of information provided, that only Request No. 2 appears overly broad on its face.  Request No. 2 seeks "all documents which you believe

_____

*Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) (The court "generally deems objections initially raised but not relied upon in response to the motion [to compel] as abandoned").

    [2]*McCoo v. Denny's, Inc.,* 192 F.R.D. 675, 686 (D. Kan. 2000) (citations omitted).

    [3]*Employers Commercial Union Ins. Co. of America v. Browning-Ferris Indus. of Kansas City, Inc.*, No. CIV. A. 91-2161-JWL, 1993 WL 210012, at *2 (D. Kan. Apr. 5, 1993) (citations omitted).

    [4]*Id.*

4

support the allegations contained in your Complaint." Plaintiff's overly broad objection to Defendant's First Request for Production No. 2 is sustained.

As the remainder of the requests do not appear overly broad on their face, Plaintiff is required to show specifically how each request is overly broad.  Here, Plaintiff has made no such showing.  The Court will therefore overrule Plaintiff's overly broad objections asserted to Defendant's Request for Production of Documents Nos. 1, 3-10, 13-54 and 56.

**C.      Responses Referencing Prior Disclosures**

The next issue raised by Defendant is whether Plaintiff's statement that "documents responsive to this request have been produced previously as part of [Plaintiff's] Fed. R. Civ. P. 26 disclosures" constitutes a sufficient and appropriate response to Defendant's requests for production.  Defendant asserts that Plaintiff is not allowed to refer to previously produced or identified documents in lieu of providing specific identification of the documents corresponding to the specific request.  Instead, Defendant argues that Plaintiff must either produce the documents or identify documents in a manner that permits Defendant to determine which documents respond to the individual requests.  Plaintiff maintains that its discovery response stating the requested information was previously provided as part of its Rule 26 disclosures fulfills its obligation without the necessity of duplicating previous disclosures.

Federal Rule of Civil Procedure 34(b) generally governs requests for production of documents and things.  It provides that a party who produces documents for inspection "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."  Applying this rule, the court has held that absent some indication the requested documents were produced as they are kept in the usual course of business, the party responding to the requests is

required to identify the particular documents or to organize and label them to correspond to the requests.[5]

The Court agrees with Defendant that Plaintiff's response that "documents responsive to this request have been produced previously as part of [Plaintiff's] Fed. R. Civ. P. 26 disclosures" does not comply with Rule 34(b). As there is no indication the requested documents were produced as they are kept in the usual course of business, Plaintiff is required to identify the particular documents or to organize and label them to correspond to each request. **Within 20 (twenty) days from the date of this Memorandum and Order**, Plaintiff shall serve supplemental discovery responses to Defendant's First Request for Production Nos. 1, 3-44, 46-54, and 56, in which it specifically identifies the particular documents responsive to each request.

## IV.    Interrogatories at Issue

### A.    General Objections

With respect to the interrogatories at issue in this motion, Defendant argues that the nine "General Objections" asserted by Plaintiff in its Response to Defendant's First Interrogatories should be deemed waived for lack of specificity.  Plaintiff, in its brief in opposition to the motion to compel, does not address Defendant's argument regarding the "General Objections" to the interrogatories. The Court therefore finds that Plaintiff has abandoned its "General Objections" to Defendant's First Interrogatories.[6]

### B.    Interrogatory Responses Referencing Prior Disclosures

In several of its responses to Defendant's First Set of Interrogatories, Plaintiff stated that

---

[5]*Epling v. UCB Films, Inc.,* Nos. CIV. A. 98-4226-SAC, CIV. A. 98-4227-RDR, 2000 WL 1466216, at *17 (D. Kan. Aug. 7, 2000).

[6]*See Puccinelli,* 224 F.R.D. at 681 n.8 (objections not reasserted in the objecting parties' response to the motion to compel are deemed abandoned).

"[i]nformation responsive to this request was previously provided as part of the Fed. R. Civ. P. 26 disclosures,"[7] or that "[s]ome of the information responsive to this request was previously produced as part of the Fed. R. Civ. P. 26 disclosures."[8]  Defendant claims that Plaintiff should be compelled to identify specific documents responsive to interrogatories rather than referring generically to past production of documents.  Plaintiff maintains that its response, that the requested information was previously provided as part of its Rule 26 disclosures, is adequate and saves unnecessary time and expense in duplicating previous disclosures.

Federal Rule of Civil Procedure 33 governs interrogatories to parties.  Subpart (d) of Rule 33 permits a party responding to interrogatories to choose the option of producing its business records rather than providing an answer.  It provides:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records . . ., and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.[9]

This Court recently addressed this issue in *DIRECTV, Inc. v. Puccinelli.*[10]  In *Puccinelli*, the

---

[7]*See* Pl.'s responses to Def.'s First Set of Interrogatories Nos. 2, 4, 9, 13, 17, 21, 22, and 23.

[8]*See* Pl.'s responses to Def's First Set of Interrogatories Nos. 3, 7, 8, 11, 12, 14, 16, 18, and 19.

[9]Fed. R. Civ. P. 33(d).

[10]224 F.R.D. 677, 680-81 (D. Kan. 2004).

Court granted defendant's motion to compel where the plaintiff's response to the interrogatory was "Plaintiff refers defendant to its Complaint and Fed.R.Civ.P. 26(a)(1) disclosures."[11]  The court held that the plaintiff "may not merely refer Defendants to other pleadings or its disclosures hoping that Defendants will be able to glean the requested information from them."[12]  In another case, *Zapata v. IBP, Inc.*,[13] the court similarly disapproved of a party's practice of generally referencing previously-produced documents. The *Zapata* court stated:

> In some instances defendant answers the interrogatories simply by referring plaintiffs to documents. The court generally finds such practice unacceptable.  An answering party may affirmatively elect to produce its business records in accordance with Fed. R. Civ. P. 33(d) as its response.   It may also refer to documents attached to its answers to the interrogatories.  In this instance defendant has not exercised an option under Fed. R. Civ. P. 33(d).  Nor has it referred to documents attached to its answers. Absent compliance with Rule 33(d) or attachment of appropriate documents, defendant may not direct plaintiffs to find answers from previously produced documents or identified witness lists.[14]

In this case, Plaintiff has not exercised its option under Rule 33(d) to provide Defendant with business records from which Defendant may derive or ascertain the requested information.  Nor does it appear that Plaintiff has attached any documents to its interrogatory answers that are identified as being responsive to the particular interrogatory.  Plaintiff may not merely refer to other pleadings or its Rule 26(a) disclosures hoping that Defendant will be able to glean the requested information from them.[15]  Plaintiff's

---

[11]*Id.* at 680.

[12]*Id.* at 680-81.

[13]No. Civ. A. 93-2366-EEO, 1997 WL 50474 (D. Kan. Feb. 4, 1997).

[14]*Id.* at *1.

[15]*Puccinelli*, 224 F.R.D. at 680-81.

generic response that "[i]nformation responsive to this request was previously provided as part of the Fed. R. Civ. P. 26 disclosures," or that "[s]ome of the information responsive to this request was previously produced as part of the Fed. R. Civ. P. 26 disclosures," does not constitute a responsive answer to Defendant's interrogatories.

### C.    Claimed Deficiencies with Specific Interrogatory Answers

Defendant's Motion next raises issues specific to Plaintiff's individual interrogatories.  The Court will discuss each specific interrogatory addressed by Defendant in its Motion to Compel.

#### 1.    *Interrogatory No. 1*

Defendant's Interrogatory No. 1 requests the identity of the persons drafting the interrogatory responses, including their names, business address and the office held.  Plaintiff answered the interrogatory without objection.  Defendant now complains that Plaintiff's answer to this interrogatory is deficient in that Plaintiff has failed to provide the business address and office information for one of the persons listed.  In Plaintiff's brief in opposition to Defendant's Motion to Compel, it provides this information.  Defendant's Motion to Compel as to Interrogatory No. 1 therefore appears to be moot.

Even though Plaintiff has provided all the information requested by Interrogatory No. 1, Defendant requests that the Court compel Plaintiff to restate this information in a supplemental response signed under oath.  Plaintiff shall serve its supplemental response to Interrogatory No. 1 in which it restates the information provided in its brief in opposition to Defendant's Motion to Compel Discovery.  This supplemental response shall be served **within twenty (20) days from the date of this Memorandum and Order.**

#### 2.    *Interrogatory No. 2*

Defendant's Interrogatory No. 2 asks Plaintiff to "list names and complete addresses of any and all persons believed by you, or known by you or your attorneys, to have knowledge concerning the facts pertaining to this lawsuit, including a summary of facts known by each person." Plaintiff objected to this interrogatory as follows:

> Objection: overbroad, discovery is ongoing.  Subject to said objections, Allianz responds as follows: Information responsive to this request was previously provided as part of the Fed. R. Civ. P. 26 disclosures.  Plaintiff is in the process of determining whether there is additional information responsive to this request and will supplement its responses should any additional information be discovered.

Defendant requests that the Court compel Plaintiff to either fully respond to this interrogatory in its entirety or prohibit the witnesses identified by Plaintiff from testifying on subjects that have not been identified.  Defendant argues that Plaintiff's boilerplate overbroad objection should be deemed waived. Defendant further argues that Plaintiff's reference to its Rule 26 disclosures is not responsive, and the information contained in the Rule 26 disclosures is stale and requires updating.  Defendant states that it has reason to believe that the knowledge of the identified witnesses is significantly broader than that set forth in the Rule 26 disclosures.

For this interrogatory the Court finds that Plaintiff has not supported its overbroad objection to this interrogatory by showing specifically how this question is overly broad.  Plaintiff's overbroad objection to Interrogatory No. 2 is therefore overruled.  Furthermore, as discussed above in section IV.B., Plaintiff's response that "information responsive to this request was previously provided as part of the Fed.. R. Civ. P. 26 disclosures" is an insufficient response to the interrogatory.  Defendant's Motion to Compel Plaintiff to provide the information requested by Defendant's Interrogatory No. 2 is granted.  Plaintiff shall serve its supplemental answer responsive to this Interrogatory **within twenty (20) days from the date of this**

**Memorandum and Order**.

        *3.     Interrogatory No. 3*

Interrogatory No. 3 asks Plaintiff to identify and describe its belief as to the cause of the loss which is the subject matter of this litigation, stating in the answer every fact, person and document relied upon in making this contention.  In its response to Interrogatory No. 3, Plaintiff set forth a page long description of its contentions as to the cause of the delamination.  Defendant claims that this answer is insufficient because Plaintiff has omitted the identity of persons and documents relied upon in making these contentions.

Based upon the Court's review of Plaintiff's response to Interrogatory No. 3, it appears that Plaintiff has identified one person, Defendant's plant manager at the time of the delamination, in its response to Interrogatory No. 3.  No specific documents are identified in Plaintiff's response.  Because Plaintiff may not generically state that some of the information responsive to this request was previously provided in its Rule 26 disclosures, the Court will therefore grant Defendant's Motion to Compel as to Interrogatory No. 3.  Plaintiff shall serve its supplemental response to Interrogatory No. 3 that identifies the persons and documents relied upon in making its contention.  Such supplemental response shall be served **within 20 (twenty) days from the date of this Memorandum and Order.**

        *4.     Interrogatory No. 4*

Interrogatory No. 4 requests that Plaintiff "describe any and all tests and/or inspections that were conducted of the Parakote prior to shipping/selling the Parakote to Pechiney's customers."  Plaintiff objected to the interrogatory on the grounds that it is overbroad and vague as to "tests" and "inspections."  Defendant now asks the Court to compel Plaintiff to provide the information requested and deem its boilerplate overbroad objection as waived.  Defendant further asserts that Plaintiff's objection that "tests"

11

and "inspections" are vague is improper and that neither of these terms is vague or ambiguous. "Defendant contends that Plaintiff should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories.

In its brief in response to Defendant's Motion to Compel, Plaintiff reasserts its overbroad objection and claims that the interrogatory fails to provide a specific time period. Plaintiff further states in its brief that it has "requested that Pechiney provide a description of tests/inspections done to the subject Parakote but has not yet obtained a response."

For this interrogatory, the Court finds that Interrogatory No. 4 is overly broad on its face because it fails to specifically identify a discrete time period for the tests/inspections information sought. But rather than sustaining Plaintiff's overly broad objection, the Court will instead limit the scope of Interrogatory No. 4 to testing/inspection performed on the subject Parakote during the time period, not to exceed five years, before it was shipped/sold to Pechiney's customers. Plaintiff's overbroad objection to Defendant's Interrogatory No. 4 is therefore sustained in part. Defendant's Motion to Compel Plaintiff to provide the information requested by Defendant's Interrogatory No. 4 is granted in part. **Within 20 (twenty) days from the date of this Memorandum and Order**, Plaintiff shall serve its supplemental response to Defendant's Interrogatory No. 4 limited to testing/inspection performed on the subject Parakote during the time period, not to exceed five years,  before it was shipped/sold to Pechiney's customers

5.    *Interrogatory No. 5*

Defendant's Interrogatory No. 5 seeks a description of any changes Pechiney made to the manufacturing process of the Parakote product after the subject delamination occurred. Plaintiff objected to this Interrogatory as overbroad, and vague as to "changes." After stating its objections, Plaintiff then

stated "none known." Defendant requests that the Court overrule the objections and compel Plaintiff to provide a complete answer.

Based upon the Court's review of Plaintiff's response, Plaintiff's response to the interrogatory is that it knows of no changes. This response is always subject to supplementation under Fed. R. Civ. P. 26(e) if Plaintiff should become aware of any changes. The word "changes" should be given its commonsense, dictionary meaning.[16] Defendant's Motion to Compel Discovery as to Defendant's Interrogatory No. 5 is denied.

### 6.    *Interrogatory No. 6*

Interrogatory No. 6 requests that Plaintiff indicate whether it has obtained any statement (written, oral or recorded) from Defendant, or its agents, employees, or representatives, regarding the facts alleged in Plaintiff's Complaint. The interrogatory then requests when, where, from whom and by whom and in what form it was obtained, as well as a copy of the statement, or if oral, the substance of the statement. Plaintiff responded by asserting an overbroad objection and a vague objection as to "statement," then answering "no."

Based upon the Court's review of Plaintiff's response, Plaintiff's answer appears to be "no." As stated previously, Plaintiff's answer is always subject to supplementation under Fed. R. Civ. P. 26(e) if Plaintiff should become aware of any statement (written, oral or recorded) obtained from Defendant. The word "statement" should be given its commonsense, dictionary meaning. Defendant's Motion to Compel

---

[16]*See Williams v. Bd. of County Com'rs of Unified Gov't of Wyandotte County,* No. 98-2485-JTM, 2000 WL 1475873, at *2 (D. Kan. Aug. 14, 2000) (court used commonsense, dictionary meaning of word used in request for production that responding party objected to as vague and ambiguous).

Discovery as to Defendant's Interrogatory No. 6 is denied.

       7.    *Interrogatory No. 9*

Interrogatory No. 9 seeks the identification of all individuals involved in the investigation of the alleged delamination of the Parakote, the date of the investigation, the result of the investigation, and all documents related to the investigation.  After asserting an overbroad objection and reiterating that "information responsive to this request was previously provided as part of the Fed. R. Civ. P. 26 disclosures," Plaintiff provided its response to the interrogatory.

Defendant now claims that Plaintiff's interrogatory answer is incomplete in that no persons or documents are identified, the dates of the investigations are omitted, and only an example of the manufacturing tests is identified without the results being provided. It requests that Plaintiff be compelled to fully answer this interrogatory.

Based upon the Court's review of Plaintiff's response to Interrogatory No. 9, it appears that Plaintiff's response did not provide all the information requested by the interrogatory.  As Plaintiff has not shown specifically how the interrogatory is overly broad, that objection is overruled.  In addition, Plaintiff's response that "information responsive to this request was previously provided as part of the Fed.. R. Civ. P. 26 disclosures" is an insufficient response to the interrogatory.  Defendant's Motion to Compel Plaintiff to provide the information requested by Defendant's Interrogatory No. 9 is granted.  Plaintiff shall serve its supplemental answer responsive to Interrogatory No. 9 **within twenty (20) days from the date of this Memorandum and Order**.

       8.    *Interrogatory No. 10*

Defendant's Interrogatory No. 10 seeks the identity of the persons whom Allianz contends are, or

may be, responsible for the loss, stating every fact, person and document relied upon in making this contention.  Plaintiff responded to this interrogatory by objecting that it is overbroad, then answering that "[Plaintiff] does not believe that any one person at UCB is responsible for the loss."

Defendant complains that Plaintiff's answer that "Allianz does not believe that any one person at UCB is responsible for the loss" is not responsive.  The Court disagrees.  Plaintiff's answer is responsive to the interrogatory.  Defendant's Motion to Compel Discovery as to Defendant's Interrogatory No. 10 is denied.

9. *Interrogatory Nos. 11, 12, 14, 16, 18, and 19*

These interrogatories relate to paragraphs 23, 29, 32, 33, 35, and 38 of Plaintiff's Complaint and require Plaintiff to state in detail each and every fact upon which the allegations and claims are based and to state the names and addresses of each and every person who has information or knowledge concerning such facts; and to identify each and every document which relates to said allegations and claims.  After asserting its overbroad objection and stating the some of the information responsive was previously provided as part of the Rule 26 disclosures, Plaintiff provided a descriptive response.

As a general rule in this District, interrogatories seeking "each and every fact" and which blanket the entire case are objectionable.[17]  Interrogatories should not require the answering party to provide a

---

[17]*See e.g., Hiskette v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-5 (D. Kan. 1998); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 320 (D. Kan. 1998); *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *6 (D. Kan. June 9, 1999); Lawrence v. First Kan. Bank & Trust, 169 F.R.D. 657, 661-2 (D. Kan. 1996).

narrative account of its case.[18]  The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for "every fact" which supports identified allegations or defenses.[19] Interrogatories may, however, properly ask for the "principal or material" facts that support an allegation or defense.[20]  Interrogatories which do not encompass every allegation, or a significant number of allegations, of the Complaint, reasonably places upon the answering party "the duty to answer them by setting forth the material or principal facts."[21]  In addition, interrogatories "which seek underlying facts or the identities of knowledgeable persons and supporting exhibits for material allegations" may possibly survive objections that they are overly broad or unduly burdensome.[22]

Here, Defendant links the interrogatories at issue to certain designated paragraphs of Plaintiff's Complaint. This is virtually the same fact scenario as in *Hiskette*, where the interrogatory at issue was limited to one paragraph of the complaint.[23]  The *Hiskette* court held that the interrogatory was overly broad and unduly burdensome on its face to the extent it sought "all facts" that supported the allegations in the referenced complaint paragraph.[24]  Even though the court found the interrogatory overly broad and unduly burdensome, it still required the plaintiff to answer "to the extent the interrogatory [was] not

---

[18]*Hiskette*, 180 F.R.D. at 404 (citing *Hilt*, 170 F.R.D. at 186, 188; *Lawrence*, 169 F.R.D. at 662.)

[19]*Id.* at 405 (citing *Lawrence*, 169 F.R.D. at 661-62; *IBP, Inc.*, 179 F.R.D. at 320-22).

[20]*Id.* (citing *Lawrence*, 169 F.R.D. at 664; *IBP, Inc.*, 179 F.R.D. at 320).

[21]*Id.* (citing *IBP, Inc.*, 179 F.R.D. at 321-22).

[22]*Id.* (citing *Hilt*, 170 F.R.D. at 188).

[23]*Hiskette*, 180 F.R.D. at 404-5.

[24]*Id.* at 405.

objectionable."[25]  The plaintiff was directed to provide the "principal or material facts" that supported the allegations in the referenced paragraph of the complaint.[26]

In this case, the Court sustains in part Plaintiff's overly broad objections to Defendant's Interrogatory Nos. 11, 12, 14, 16, 18, and 19 to the extent that they seek "each and every fact."  Plaintiff shall only respond to the interrogatories to the extent that they request the principal or material facts in support of the allegations contained in the designated paragraphs of the Complaint.

Defendant also claims that Plaintiff's interrogatory responses omit a complete identification of persons and documents.  It requests that the Court compel Plaintiff to fully respond to these interrogatories, and if Plaintiff is not aware of any documents or persons, then Plaintiff should so state in its responses.  The Court has reviewed Plaintiff's responses to these interrogatories and notes its responses to Interrogatory Nos. 11, 12, 14, 16, 18, and 19 are identical.  Moreover, the only person identified in these responses is Defendant's plant manager at the time of the delamination failure.  To the extend that Plaintiff has not fully responded to these interrogatories, it should do so.

Defendant's Motion to Compel Discovery as to Defendant's Interrogatory Nos. 11, 12, 14, 16, 18, and 19 is therefore granted in part.  Plaintiff shall only respond to these interrogatories to the extent that they request the principal or material facts in support of the allegations contained in the designated paragraphs of the Complaint. Plaintiff's supplemental responses to Defendant's Interrogatory Nos. 11, 12, 14, 16, 18, and 19 shall be served **within twenty (20) days from the date of this Memorandum and Order**.

---

[25]*Id.* (citing Fed. R. Civ. P. 33(b)(1)).

[26]*Id.*

10.    Interrogatory Nos. 13, 15, and 17

Interrogatory Nos. 13, 15, and 17 ask Plaintiff to identify the "express and/or implied contract," "express warranty," and the "express and implied agreements," and to attach a copy of each. Plaintiff's response to these interrogatories states that "Plaintiff is in the process of determining whether there is additional information responsive to this request and will supplement its responses should any additional information be discovered." In its brief in response to Plaintiff's Motion to Compel Discovery, Plaintiff states that it recently obtained and provided Defendant with a copy of the Blanket Order to Surface Specialities, dated September 30, 1998, as well as a copy of the Terms and Conditions that Pechiney provided to all of its suppliers.

As Plaintiff has now provided the documents requested by Defendant's Interrogatory Nos. 13, 15, and 17, the Court finds Defendant's Motion to Compel Discovery as to Interrogatory Nos. 13, 15, and 17 to be moot.

11.    Interrogatory No. 21

Interrogatory No. 21 seeks specific information regarding how the subject Parakote was stored and transported to Land O'Lakes, Raskas and ConAgra. Plaintiff asserted an overbroad objection and then responded as follows:

> Information responsive to this request was previously provided as part of the Fed. R. Civ. P. 26 disclosures. The product was shipped in refrigerated trucks to ConAgra and Raskas. By agreement with Land O' Lakes, the product would be loaded onto a truck before 7:00 a.m. and delivered to Land O' Lakes (which was approximately 70 miles away) by 8:00 a.m.

Defendant claims that Plaintiff should be compelled to provide a complete answer to this interrogatory including, the name of the driver, the name of the transport company, the time when the

Parakote product was loaded onto the truck, when the product was unloaded at Pechiney's customers and how the customers stored the Parakote.

Based upon the Court's review of Plaintiff's response to Interrogatory No. 21, Plaintiff did not provide all the information requested by the Interrogatory. As Plaintiff has not shown specifically how the interrogatory is overly broad, that objection is overruled. In addition, Plaintiff's response that "information responsive to this request was previously provided as part of the Fed.. R. Civ. P. 26 disclosures" is an insufficient response to the interrogatory. Defendant's Motion to Compel Plaintiff to provide the information requested by Defendant's Interrogatory No. 21 is granted. Plaintiff shall serve its supplemental answer responsive to Interrogatory No. 21 **within twenty (20) days from the date of this Memorandum and Order**.

### 12. *Interrogatory No. 22*

Interrogatory No. 22 seeks an itemization and dollar amount for all damages sought by Plaintiff. It also requests that Plaintiff identify all documents that reflect or evidence these damages. Plaintiff responded to the interrogatory by setting forth an itemization of its damages but did not identify any documents. Instead, Plaintiff stated that information responsive to this request was previously provided as part of the Rule 26 disclosures. Defendant's Motion seeks to compel Plaintiff to identify the documents reflecting or evidencing its damages sought in this case.

As discussed previously in section IV.B., Plaintiff's response that "information responsive to this request was previously provided as part of the Fed. R. Civ. P. 26 disclosures" is an insufficient response to Interrogatory No. 22. Defendant's Motion to Compel Plaintiff to identify the documents reflecting or evidencing its damages sought in this case, as requested by Defendant's Interrogatory No. 22, is granted.

Plaintiff shall serve its supplemental response to Interrogatory No. 22 **within twenty (20) days from the date of this Memorandum and Order**.

>    13.    *Interrogatory No. 23*

Interrogatory No. 23 asks whether Pechiney received or obtained at any time any oral and/or written instructions, comments, disclosures, warnings or other information regarding the use of Rohm & Haas primer in the manufacture of Parakote.  If so, Plaintiff was to indicate the person or persons from whom such instructions, comments, disclosures, warnings or information were received, when they were received and the substance of the same.  Plaintiff asserted an overbroad objection, referenced its Rule 26 disclosures, and then stated that it "is in the process of determining whether there is additional information responsive to this request and will supplement its responses should any additional information be discovered."  In its brief in opposition to Defendant's Motion to Compel, Plaintiff reasserted its objection that the interrogatory does not provide a specific time period.  Plaintiff further states that it has requested that Pechiney provide a description of tests/inspections done to the subject Parakote but has not yet obtained a response.

Defendant requests that the Court overrule Plaintiff's boilerplate overbroad objection and compel Plaintiff to provide the requested information. The reference to the Rule 26 disclosures is insufficient, but more importantly the Rule 26 disclosures do not contain this information.

The Court agrees with Plaintiff that Defendant's Interrogatory No. 23 is overly broad on its face because it fails to limit the temporal scope of the interrogatory to a particular time period during which Pechiney used Rohm & Hass primer in the manufacture of Parakote.  However, rather than allowing Plaintiff to not answer the interrogatory, the Court will instead limit the temporal scope of Interrogatory No.

23 to the five years prior to Pechiney's manufacture of the Parakote at issue in this action.  Plaintiff's

overbroad objection to Defendant's Interrogatory No. 23 is therefore sustained in part.  Defendant's

Motion to Compel Plaintiff to provide the information requested by Defendant's Interrogatory No. 23 is

granted in part.  **Within 20 (twenty) days from the date of this Memorandum and Order**, Plaintiff shall

serve its supplemental response to Defendant's Interrogatory No. 23 limited in temporal scope to five years

prior to Pechiney's manufacture of the Parakote at issue in this action.

*14.      Interrogatory No. 24*

This interrogatory seeks information concerning the inspection of the subject Parakote, including

the identity of persons, firms, corporations or other entities that have inspected the subject Parakote, the

dates of inspection, the reasons for the inspection and the identity of documents that mention, discuss or

refer to the inspection.  After asserting objections that the interrogatory is overbroad and vague as to the

words "inspected" and "inspection," Plaintiff provided a response similar to its response to Interrogatory

No. 9.

Defendant claims that Plaintiff's answer to Interrogatory No. 24 is cut and pasted from the answer

given to Interrogatory No. 9, which relates to the investigation of the alleged delamination of the Parakote.

Defendant contends that this interrogatory is broader than Interrogatory No. 9 as it is not limited to

inspections performed by Pechiney or their customers. Defendant requests that the Court compel Plaintiff

to provide all the information requested.

Based upon the Court's review of Plaintiff's response to Interrogatory No. 24, Plaintiff did not

provide all the information requested by the Interrogatory.  As Plaintiff has not shown specifically how the

interrogatory is overly broad, that objection is overruled.  Defendant's Motion to Compel Plaintiff to

provide all the information requested by Defendant's Interrogatory No. 24 is granted.  The words "inspection" and "inspected" should be given their commonsense, dictionary meanings.  Plaintiff shall serve its supplemental answer responsive to Interrogatory No. 24 **within twenty (20) days from the date of this Memorandum and Order**.

              *15.    Interrogatory No. 25*

Interrogatory No. 25 seeks the identity of persons, firms, corporations or other entities that have inspected the subject cellophane, the dates of the inspection, the reason for the inspection and the documents related thereto.  Plaintiff responded to Interrogatory Nos. 25 by asserting an overbroad objection, and then stating "See response to Interrogatory No. 25."[27]

Defendant claims that Plaintiff's answer is not responsive because Interrogatory No. 24 seeks information related to the inspections of the Parakote while Interrogatory No. 25 seeks information on the cellophane.  The Court agrees with Defendant that Plaintiff's reference to its response to Interrogatory No. 24 is not responsive in that the interrogatories request information regarding two different items.  Plaintiff has further failed to show specifically how the interrogatory is overly broad, so that objection is overruled.  Defendant's Motion to Compel Plaintiff to provide a response to Defendant's Interrogatory No. 25 is granted.  Plaintiff shall serve its supplemental response to Interrogatory No. 25 **within twenty (20) days from the date of this Memorandum and Order**.

**V.**    **Fees and Expenses Incurred in Relation to this Motion to Compel**

Defendant further requests, pursuant to Federal Rule of Civil Procedure Rule 37(a), its  costs

---

[27]Although Plaintiff's response references to its response to Interrogatory No. *25*, the Court assumes that Plaintiff intended to reference to its response to Interrogatory *No. 24* instead.

associated with this motion to compel.  Pursuant to Federal Rule of Civil Procedure 37(a)(4)(C), when a court grants in part and denies in part a motion to compel, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[28]

Rule 37(a)(4)(A) dictates that the court may impose sanctions only after it has afforded the parties "an opportunity to be heard."[29]  A hearing, however, is not necessary, and the court may consider the issue of sanctions "on written submissions."[30]  Because Defendant requested sanctions in its Motion to Compel Discovery, there has been "written submissions" on this issue, and, thus, Plaintiff has received the required "opportunity to be heard" under Rule 37(a)(4)(A).

As the Court grants the majority of Defendant's Motion to Compel Discovery, the Court finds it just to award Defendant its reasonable expenses incurred in relation to the motion.  The Court  granted Defendant's Motion to Compel Discovery as to Defendant's First Set of Interrogatories Nos. 2, 3, 4, 9, 11, 12, 14, 16, 18, 19, and 21-25, and Defendant's First Request for Production Nos. 1, 3-44, 46-54, and 56.  Even in the instances where the Court denied Defendant's Motion to Compel Discovery, four of those discovery requested were denied as moot because Plaintiff, in its response to the Motion, finally provided the information sought by the interrogatories or provided the documents requested.  Thus, the Court finds it appropriate to apportion 100 percent of Defendant's reasonable expenses incurred in making the motion to Plaintiff.

To aid the Court in determining the proper amount of attorneys' fees and expenses to award,

---

[28]Fed. R. Civ. P. 37(a)(4)(C).

[29]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4)).

[30]*Id.* (citing Advisory Committee Notes to the 1993 Amendments to Rule 37(a)(4)).

Defendant's counsel shall file, on or before **January 20, 2005**, an affidavit itemizing the reasonable expenses, including attorney's fees, that Defendant incurred in bringing this Motion to Compel Discovery. Counsel for Plaintiff shall have until **February 3, 2005** to file a response to the affidavit. The Court will then issue a second order, specifying the amount and time of payment.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (doc. 38) is GRANTED IN PART AND DENIED IN PART. Defendant's Motion to Compel Discovery is GRANTED as to Defendant's First Set of Interrogatories Nos. 2, 3, 4, 9, 11, 12, 14, 16, 18, 19, and 21-25, and Defendant's First Request for Production Nos. 1, 3-44, 46-54, and 56. Defendant's Motion to Compel Discovery is DENIED as to Defendant's First Set of Interrogatories Nos. 1, 5, 6, 13, 15 and 17 and Defendant's First Request for Production No. 2. Plaintiff shall serve supplemental responses to Defendant's First Set of Interrogatories Nos. 1, 2, 3, 4, 9, 11, 12, 14, 16, 18, 19, and 21-25 in accordance with the Court's discussion of each interrogatory discussed in section IV.C. above. Plaintiff shall serve supplemental discovery responses to Defendant's First Request for Production Nos. 1, 3-44, 46-54, and 56, specifically identifying the particular documents responsive to each request. Plaintiff shall serve all supplemental responses **within 20 (twenty) days from the date of this Memorandum and Order.**

**IT IS FURTHER ORDERED** that counsel for Defendant shall file, on or before **January 20, 2004**, an affidavit itemizing the reasonable expenses, including attorney's fees, that Defendant incurred in bringing this Motion to Compel Discovery. Counsel for Plaintiff shall have until **February 3, 2005** to file a response to the affidavit.

**IT IS SO ORDERED**.

24

Dated in Kansas City, Kansas on this 7th day of January, 2005.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge


cc:     All counsel