DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALLIANZ INSURANCE COMPANY,
as subrogee of Pechiney Plastic Packaging, Inc.,

                      CIVIL ACTION

        Plaintiff,

                      No: 03-2470-CM-DJW

v.

UCB FILMS, INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Allianz's Motion to Reconsider Award of Expenses Relating to Defendant's Motion to Compel (doc. 73). Plaintiff requests that the Court reconsider the amount of attorneys' fees it awarded to Defendant to correct manifest injustice and because the amount is contrary to law. For the reasons set forth below, the Court denies the motion.

**I.      Relevant Background Information**

The Court granted in part and denied in part Defendant's Motion to Compel Discovery by Memorandum and Order dated January 7, 2005.[1] In its twenty-five page ruling, the Court granted Defendant's Motion to Compel Discovery on fifteen of Defendant's Interrogatories and fifty-three of Defendant's Requests for Production. The Court further found it just to award Defendant its reasonable expenses incurred in relation to the motion to compel under Fed. R. Civ. P. 37(a)(4)(C). To aid in the

---

[1] *See* doc. 67.

determination of the proper amount of attorneys' fees and expenses to award, the Court directed Defendant to file an affidavit itemizing the reasonable expenses, including attorneys' fees, that it incurred in bringing the Motion to Compel Discovery, and provided Plaintiff with an opportunity to file a brief in response to the affidavit.

Counsel for Defendant filed an Affidavit[2] and Exhibit 1 itemizing the total amount of attorneys' fees for which Defendant sought reimbursement by virtue of filing its motion to compel discovery. Defendant requested a total of $9,923.50 in attorneys' fees for approximately 70 hours of its attorneys' time spent on the motion to compel discovery. Plaintiff filed its response, arguing that the amount of attorneys' fees claimed by Defendant's counsel was unreasonable, reflected a duplication of time/effort, included time spent for research, included "lumped" activities, included time spent other than on the motion to compel, and included entries that pre-dated the motion to compel. It argued that Defendant failed to meet its burden of establishing entitlement to any award because it failed to appropriately document reasonable hours expended. Plaintiff alternatively argued that if the Court determined that Defendant was entitled to some recompense for its attorneys' fees, then Defendant should only be awarded $725 for its attorneys' fees based on five hours of work at the rate of $145 per hour.

On February 2, 2005, the Court entered its Order [3] in which it found that the total number of hours claimed by Defendant's counsel to be unreasonable. The Court likewise found the $725 amount suggested by Plaintiff to also be unreasonable. Instead, the Court determined that $5,000 was a reasonable and appropriate amount of attorneys' fees incurred by Defendant's counsel in filing and prevailing on its motion

---

[2] *See* doc. 68.

[3] *See* doc. 72.

to compel. On February 11, 2005, Plaintiff filed the instant Motion for Reconsideration of the Court's February 2, 2005 Order awarding Defendant $5,000 in attorneys' fees.

## II.    Standard for Ruling on a Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[4]  The party moving for reconsideration has the burden to show that there has been a change of law, that new evidence is available, or that reconsideration is necessary to correct clear error or prevent manifest injustice.[5]

The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[6]  It is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[7]  Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[8]  Improper use of motions to reconsider can waste judicial

---

[4] The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995).

[5] *Classic Communications, Inc. v. Rural Tel. Serv. Co., Inc.*, 180 F.R.D. 397, 399 (D. Kan. 1998) .

[6] *Brumark,* 57 F.3d at 944; *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir. 1988).

[7] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[8] *Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept.
(continued...)

resources and obstruct the efficient administration of justice.[9] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[10]

## III.  Discussion

Plaintiff requests that the Court reconsider the amount of attorneys' fees awarded to Defendant in its February 2, 2005 Order. Plaintiff does not allege that the law has changed or that new evidence has become available since the Court entered its Order. It instead argues that reconsideration is necessary to correct manifest injustice and because the amount awarded is contrary to law. Plaintiff argues that the Court's Order of February 2, 2005 is unjust in that the amount awarded is excessive, as any failure by Plaintiff to provide responses to the discovery was not a result of bad faith, and did not result in any prejudice to Defendant.

Under the standard for granting reconsideration of non-dispositive orders, Plaintiff has not shown that the Court's Order awarding $5,000 in attorneys' fees to Defendant for prevailing on its motion to compel is contrary to law or that reconsideration is necessary to correct clear error or to prevent manifest injustice. Federal Rule of Civil Procedure 37(a)(4)(C) allows a court to impose sanctions where, as here,

---

[8](...continued)
24, 2003 (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[9]*RTC v. Williams*, 165 F.R.D. 639, 642 (D. Kan. 1996) (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm*., 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

[10]*Servants,* 204 F.3d at 1012.

a motion to compel is granted in part and denied in part. Under that rule, the court may "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[11]

In this case, the Court found it just to allow Defendant to recover its reasonable expenses, including attorney fees, it incurred in bringing its motion to compel. The Court reviewed in detail the affidavit and exhibit submitted by Defendant's counsel, as well as Plaintiff's response to the affidavit. The exhibit attached to the affidavit of Defendant's counsel detailed the nature of the work performed related to the motion to compel. It included 70.8 hours of time claimed expended, with hourly billing rates of $110, $180, and $225, and totaled $9,923.50 in attorneys' fees.

The Court, having reviewed this detailed accounting of the work performed by Defendant's counsel, made its own determination of what work performed by Defendant's counsel appeared reasonably and appropriately included in an award of attorneys' fees. After reviewing this detailed listing, the Court found that approximately half of the claimed hours and expenditures incurred by Defendant's counsel were appropriately awarded as sanctions for prevailing on Defendants' motion to compel.

The Court has considered the arguments advanced by Plaintiff in its Motion to Reconsider and finds that Plaintiff has not presented any valid grounds for reconsideration of the Court's February 2, 2005 Order. Plaintiff cites two early 1990's cases from other districts where the court awarded the prevailing party five or less hours of attorney time in connection with a motion to compel.[12] Plaintiff also reasserts

---

[11] Fed. R. Civ. P. 37(a)(4)(C).

[12] *See EEOC v. Accurate Mech. Contractors, Inc.*, 863 F. Supp. 828, 834-35 (E.D. Wis. 1994) (EEOC requesting twenty-two hours was awarded five hours of attorney's time in connection with a motion (continued...)

5

arguments that it made in its initial brief in response to the affidavit submitted by Defendant's counsel. These are not valid grounds for a motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff Allianz's Motion to Reconsider Award of Expenses Relating to Defendant's Motion to Compel (doc. 73) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 22nd day of April, 2005.

s/ David J. Waxse
David  J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties

---

[12](...continued)
to compel discovery); *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.*, 142 F.R.D. 677, 681 (S.D. Iowa 1992) (prevailing party requesting twenty-one hours awarded three hours of attorney's time on motion to compel).